IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY D. WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:18-cv-1078-MHT-JTA |
| v. ) | |
| ) | |
| HYUNDAI MOTOR ) | |
| MANUFACTURING OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Jerry D. West, appearing *pro se*, filed this action against his former employer, Defendant Hyundai Motor Manufacturing of Alabama. (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.

This cause presently is before the court on Defendant's Motion to Dismiss Amended Complaint. (Doc. No. 19.) For the reasons stated herein, the Magistrate Judge finds that the motion to dismiss is due to be GRANTED.

### I.   BACKGROUND

On December 28, 2018, Plaintiff, proceeding *pro se*, filed a Complaint accusing Defendant of violating its misconduct policy and anti-harassment policy, the Occupational Safety and Health Act ("OSHA"), and the Fourteenth Amendment. (Doc. No. 1.) In response, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 13) and Plaintiff filed a response (Doc. No. 16). On July 24, 2019,

United States Magistrate Judge Stephen M. Doyle found Plaintiff's response in opposition to the motion to dismiss

> added further factual enhancement to his claims and included new allegations of disparate treatment, harassment, and employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.  See generally id.*  Notably, Plaintiff's filing . . . appears to the undersigned to be more akin to an amended complaint instead of a response to Defendant's Motion to Dismiss.

(Doc. No. 18.) Judge Doyle thus construed Plaintiff's response as an Amended Complaint, directed the Clerk of Court to docket the response as an Amended Complaint, and denied Defendant's motion to dismiss as moot. (*Id.*)

On July 31, 2019, Defendant filed a motion to dismiss the Amended Complaint, again under Rule 12(b)(6), arguing *inter alia* that the Amended Complaint fails to allege sufficient facts to state a claim against it "under federal law or otherwise." (Doc. No. 19.) Plaintiff filed a response in opposition to the motion which does not address the legal arguments raised by Defendant but provides more factual allegations in support of his employment discrimination claims. (Doc. No. 22.) Plaintiff requests punitive and compensatory damages in the amount of $840,000. (*Id.* at 25.) Defendant filed a reply in support of its motion to dismiss arguing that Plaintiff's response does not show cause why the Amended Complaint should not be dismissed, fails to establish a basis for federal subject matter jurisdiction, fails to establish federal or state law claims, and is another attempt to recite allegations made in the Complaint and Amended Complaint. (Doc. No. 23.)

2

This matter was thereafter reassigned to the undersigned Magistrate Judge.

## II.   STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *See Resmick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).  In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet, a *pro se* complaint still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

### III. DISCUSSION

Upon liberally construing Plaintiff's Amended Complaint, the undersigned finds that Plaintiff is attempting to bring claims against Defendant for disparate treatment, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA"); and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* ("ADA"). Plaintiff's attempt however falls short.

The Amended Complaint is facially deficient as it fails to allege fulfillment of all conditions precedent prior to initiating this lawsuit. "Before filing suit under Title VII, the ADA, or the ADEA, a plaintiff must exhaust the available administrative remedies by filing a charge with the [Equal Employment Opportunity Commission ("EEOC")]." *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010). *See also Love v. Pullman Co.,* 404 U.S. 522, 523 (1972) ("A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964 . . . may not maintain a suit for redress in federal district

4

court until he has first unsuccessfully pursued certain avenues of potential administrative relief."); *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1011 (11th Cir. 1982) ("[T]he timely filing of an EEOC complaint is a condition precedent to a Title VII action."); *Zillyette v. Capital One Fin. Corp.,* 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964."); 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5); 29 U.S.C. § 626(d)(1)(A) (stating that no civil action under the ADEA may be filed unless a charge has been filed with the EEOC within 180 days after the alleged unlawful practice occurred).  A plaintiff must receive statutory notice from the EEOC of his right to sue before instituting his action in federal district court.  *See Burnett v. City of Jacksonville, Florida*, 376 F. App'x 905, 906 (11th Cir. Apr. 27, 2010) (affirming district court's dismissal of *pro se* complaint for failure to allege fulfillment of Title VII conditions precedent).  As the Eleventh Circuit in *Burnett* explained:

> "[T]he purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to ***investigate*** the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.' " *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) [ ].  Finally, "a plaintiff must generally allege in [his] complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.' " *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) (citing Fed. R. Civ. P . 9(c)).

*Id.* (emphasis supplied).

Here, Plaintiff nowhere alleges that he filed a complaint with the EEOC or that he was issued a right-to-sue letter prior to the filing of the instant lawsuit. (*See* Docs. No. 1, 16).  Moreover, Plaintiff did not attach any documents to his Amended Complaint or allege

any facts suggesting that he had exhausted his remedies with the EEOC. Because Plaintiff has failed to allege that he exhausted his administrative remedies before the EEOC, he has improperly instituted this action against Defendant in this court. In other words, the Amended Complaint does not contain sufficient factual matter to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. Accordingly, the undersigned recommends that the court dismiss this case without prejudice.[1]

## IV.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that

1. Defendant's motion to dismiss (Doc. No. 19) be GRANTED.

2. This action be DISMISSED WITHOUT PREJUDICE.

It is further

ORDERED that **on or before August 27, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The parties are advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

---

[1] Plaintiff can re-file his complaint if he can cure the defects identified in this Report and Recommendation. Simply put, if Plaintiff can include allegations in a complaint that he exhausted his administrative remedies, by alleging that he filed a charge of discrimination against Defendant with the EEOC (identifying the date of the charge of discrimination filed with the EEOC) and/or that he was issued a right-to-sue letter, he may certainly re-file his complaint against Defendant.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 12th day of August, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE