IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY D. WEST, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 2:18cv1078-MHT |
| | ) | (WO) |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING OF ALABAMA | ) | |
| (HMMA), | ) | |
| | ) | |
|    Defendant. | ) | |

OPINION AND ORDER

Plaintiff, who is pro se, filed this lawsuit asserting harassment, retaliation, and occupational safety claims related to his former employment with defendant. After defendant moved to dismiss, a United States Magistrate Judge formerly assigned to this case construed plaintiff's response to the motion as an amended complaint. Defendant then moved to dismiss the construed amended complaint.

This lawsuit is now before the court on the recommendation of the magistrate judge that defendant's motion to dismiss the construed amended complaint be

granted because the amended complaint fails to allege that plaintiff exhausted administrative remedies by filing a complaint with the Employment Opportunity Commission (EEOC).  Also before the court are (a) plaintiff's objections to the recommendation, in which he submits documentation of his complaint to the EEOC, and (b) defendant's motion to dismiss this "amendment" or, alternatively, defendant's reply to plaintiff's objection.

After an independent and de novo review of the record, the court concludes that plaintiff's objection should be sustained, and the magistrate judge's recommendation should be adopted in part and rejected in part.  While the recommendation is correct that the amended complaint fails to allege exhaustion of administrative remedies, the document that the magistrate judge construed as an amended complaint was not filed as such, so plaintiff would not have known that he needed to allege exhaustion in it.  Moreover,

plaintiff did attach an EEOC right-to-sue form to the original complaint, which the magistrate judge apparently overlooked.  *See* Dismissal and Notice of Rights (doc. no. 1-1).  Finally, defendant did not raise failure to allege exhaustion as a basis for its motion to dismiss the amended complaint, so plaintiff did not have advance notice that he needed to address that issue in his response to the motion.  For these reasons, the court will reject the recommendation to the extent it recommends dismissal of plaintiff's amended complaint.

***

Accordingly, it is ORDERED that:

(1) Plaintiff's objections (doc. no. 25) are sustained.

(2) The recommendation (doc. no. 24) is adopted only to the extent that it finds that the amended complaint is deficient for not alleging exhaustion of administrative remedies and is otherwise rejected.

   (3) Defendant's motion to dismiss (doc. no. 19) is denied without prejudice.

   (4) Defendant's motion to dismiss amendment (doc. no. 26) is denied.

   This case is referred back to the magistrate judge for further proceedings.

   DONE, this the 17th day of November, 2020.

                      /s/ Myron H. Thompson
                    **UNITED STATES DISTRICT JUDGE**